IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST NONPROFIT INSURANCE COMPANY, : : : Plaintiff, : : : v. : : NEIGHBOR TO FAMILY, INC., : GEORGIA DEPARTMENT OF : HUMAN SERVICES, GEORGIA : DIVISION OF FAMILY AND : CHILDREN SERVICES, and : CAIN PEARSON, *by and through* : *his Next Friend, Ari Mathe*, : : Defendants. : | CIVIL ACTION NO. 1:14-CV-02285-RWS |

## **ORDER**

This case comes before the Court on Defendants Georgia Department of Human Services and Georgia Division of Family and Children Services' Motion to Dismiss [11] and Amended Motion to Dismiss [13].  After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff First Nonprofit Insurance Company ("Plaintiff") brought this declaratory action on July 18, 2014 against the Georgia Department of Human

Services ("DHS"), the Georgia Division of Family and Children Services ("DFCS"), Neighbor to Family, Inc. ("NTF"), and Cain Pearson, by and through his Next Friend, Ari Mathe. Plaintiff brought the action in order to adjudicate the rights and obligations of DHS, DFCS, and NTF under insurance policies issued to NTF related to a pending lawsuit in the State Court of DeKalb County, Georgia.  (Compl., Dkt. [1].)  Defendants DHS and DFCS filed their Motion to Dismiss [11] on August 25, 2014, alleging improper service, immunity under the Eleventh Amendment of the U.S. Constitution, and sovereign immunity under the Georgia Constitution.  Defendants superseded that motion with an Amended Motion to Dismiss [13] on September 2, 2014.  Therefore, the original Motion to Dismiss [11] is **DENIED as moot**.

## Discussion

### I.     DFCS' Motion to Dismiss

As a threshold matter for DFCS, in their Amended Motion to Dismiss, Defendants argue that DFCS is not a proper defendant because it "is not a legal entity capable of being sued, but rather a division of DHS."  (Am. Mot. Dismiss, Dkt. [13] at 3.)  Under Georgia law, all county DFCS offices are "under the direction and supervision of the commissioner [of DHS]," O.C.G.A.

2

§ 49-4-3(b), and are therefore "instrumentalities of the State Department of Human [Services]." Bendiburg v. Dempsey, 707 F. Supp. 1318, 1331 (N.D. Ga. 1989), aff'd in part and rev'd in part on other grounds, 909 F.2d 463 (11th Cir. 1990) (finding that statutes governing DFCS "strongly suggest that the county departments are instrumentalities of the State Department of Human [Services] rather than separate county entities"). DFCS is thus not a separate legal entity from DHS because it is an instrumentality of DHS. See also Powell v. Dep't of Human Res., 918 F. Supp. 1575, 1578-79 (S.D. Ga. 1996) (finding that DFCS was created by state law as a division of DHS). Naming both DHS and DFCS is therefore redundant, and DFCS should be dismissed from this action.

**II.    DHS' Motion to Dismiss**

   A.    Insufficient Service of Process

Defendants move for dismissal from this action "due to lack of personal and subject matter jurisdiction." (Am. Mot. Dismiss, Dkt. [13] at 3.) The Court first addresses Defendants' argument that DHS was not properly served with process pursuant to Federal Rule of Civil Procedure ("Rule") 4. Defendants

3

AO 72A
(Rev.8/82)

argue that Plaintiff never served the Commissioner of DHS as required under Georgia law.

> Under Rule 4(m),
>
> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Service of process on state agency defendants like DHS is governed by Rule 4(j)(2), which provides that plaintiffs must serve a state agency in one of two ways: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Id. Georgia law provides that state agencies must be served by delivering a copy of the complaint and summons to the agency's "chief executive officer or clerk thereof." O.C.G.A. § 9-11-4(e)(5). Under O.C.G.A. § 49-2-1, the DHS Commissioner is deemed the "chief administrative officer" of the agency. O.C.G.A. § 49-2-1(b). Furthermore, O.C.G.A. § 49-2-15 specifies that in suits

4

against DHS, "it shall be the duty of the plaintiff to provide for service of notice of the pendency of such action by providing for service of a second original process, issued from the court in which the action is filed, upon the commissioner of human services personally or upon a person designated by the commissioner in writing to serve as agent for the acceptance of such service of process." O.C.G.A. § 49-2-15.

The Court agrees with Defendants that the proper party to serve is the DHS Commissioner; however, there is no evidence in the record that Plaintiff attempted to serve the Commissioner of DHS with process. In its attempt to serve DHS with process, Plaintiff served the administrative clerk to Sam Olens, Attorney General of Georgia. Though the Georgia Attorney General represents the State of Georgia in this case, he is not the chief executive officer of DHS or the clerk thereof. No provision in either Rule 4 or Georgia law authorizes Georgia's attorney general to be served process for suit against DHS. Plaintiff also served two individuals at DFCS, the Liability Program Officer and Director of Risk Management Division of the Department of Administrative Services, but these individuals could not accept service on behalf of DHS, either. Finally, Plaintiff attempted to serve Rachel King, General Counsel of DHS. In an

5

affidavit, King states that she was not personally served. (Dkt. [13-2] ¶¶ 4-5.) While DHS notes that King is authorized to accept service on behalf of the Commissioner, service on her was invalid because she found the documents in her administrative inbox but was not personally served. (Defs.' Br., Dkt. [13-1] at 7.) Thus, Plaintiff failed to serve DHS.

Plaintiff does not dispute that the individuals it served were not authorized to receive service under federal or Georgia law, or that King was not personally served. Instead, Plaintiff insists that service was proper because DHS had sufficient notice of the suit. (Pl.'s Resp. Opp. Mot. Dismis, Dkt. [23] at 3.) However, "[a] defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Plaintiff also argues that under Rule 4(m) the Court can extend the period of time for service for good cause. (Pl.'s Resp. Opp. Mot. Dismis, Dkt. [23] at 3-4.)

"Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' " Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1280 (11th Cir.

6

2007)). Even if the Court finds that Plaintiff has failed to show good cause, the Court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. (internal quotation marks omitted). Therefore, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

While Plaintiff asks the Court to grant an extension of time to cure Plaintiff's insufficient service under Rule 4(m), Plaintiff does not point to any factors showing good cause for its failure to perfect service. After Defendants pointed out that Plaintiff failed to serve the DHS Commissioner, which Plaintiff does not appear to dispute, nothing in the record indicates Plaintiff took any steps to cure its defective service within the 120-day period provided by Rule 4(m). The Court finds no other circumstances that would warrant granting an extension of time. Therefore, Defendant DHS' Motion to Dismiss [13] is **GRANTED** for insufficient service of process.

B.  Immunity From Suit

Defendants also argue they should be dismissed from this action because Plaintiff's claim against them is barred by Eleventh Amendment immunity

under the U.S. Constitution and sovereign immunity under Georgia law. (Am. Mot. Dismiss, Dkt. [13] at 8.) Having found that DFCS is not an entity capable of being sued and that DHS is due to be dismissed from the action based on insufficient service of process, the Court does not reach Defendants' immunity arguments in this case.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [11] is **DENIED as moot**. Defendants' Amended Motion to Dismiss [13] is **GRANTED**. Accordingly, the Georgia Division of Family and Children Services is **DISMISSED** from this action because it is not a separate legal entity from the Department of Human Services. The Georgia Department of Human Services is **DISMISSED without prejudice** for insufficient service of process.

**SO ORDERED**, this   12th   day of March, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE